IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RAFAEL ARIES SANTOS BATISTA | ) | |
| | ) | |
| vs. | ) | C.A. No. 02-429T |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

GOVERNMENT'S OBJECTION TO PETITIONER'S PRO SE MOTION PURSUANT TO RULE 60(b)(4) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, Assistant U. S. Attorney, and objects to petitioner's Pro Se Motion Pursuant Rule 60(b)(4) Of The Federal Rules Of Civil Procedure for those reasons stated in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
RI Bar # 1680
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March, 2007, I served a copy of the within Government's Objection to Petitioner's Pro Se Motion Pursuant to Rule 60(b)(4) Of The Federal Rules Of Civil Procedure by postage prepaid mail to:

Rafael Aries Santos Batista
Pro Se
Reg. No. 04536-070
U.S.P. Big Sandy
P.O Box 2068
Inez, KY 41224

/s/Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
RI Bar # 1680
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RAFAEL ARIES SANTOS BATISTA | ) | |
| | ) | |
| vs. | ) | C.A. No. 02-429T |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS
OBJECTION TO PETITIONER'S PRO SE MOTION PURSUANT
TO RULE 60(b)(4) OF THE FEDERAL RULES OF CIVIL PROCEDURE

## I. Introduction

On July 16, 1998, Petitioner Rafael Aries Santos Batista was convicted after a jury trial of conspiracy to distribute cocaine and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced on December 7, 1998 to 210 months imprisonment and three years supervised release with a deportation condition. His conviction and sentence were upheld by the First Circuit Court of Appeals on January 8, 2001. A petition for writ of certiorari was denied on October 1, 2001. United States v. Santos Batista, 239 F.3d 16 (1st Cir.) *cert. den.* 534 U.S. 850 (2001).

Batista filed a motion pursuant to 28 U.S.C. § 2255 on September 30, 2002. The motion was denied on July 22, 2003. Batista's application for a Certificate of Appealability was denied by the Court of Appeals on April 18, 2005. CA No. 02-429.

Batista now files the instant Rule 60(b)(4) motion, seeking to set aside his criminal conviction on grounds that the judgment against him is void for lack of jurisdiction. Essentially, Batista argues that 18 U.S.C. § 3231 (1948) – which grants courts of the United States original

jurisdiction over violations of the laws of the United States – was never properly enacted. Section 3231 was passed by the United States House of Representatives in the first session of the 80th Congress in 1947 as H.R. 3190. 93 Cong. Rec. 5048-5049 (May 12, 1947). Congress then adjourned on July 27, 1947 until January 2, 1948. S.Con. Res. 88; 93 Cong. Rec. 10400. The United States Senate passed H.R. 3190 in the second session of the 80th Congress in 1948, with amendments in which the House of Representatives concurred. 94 Cong. Rec. 8721-8722 (June 18, 1948); 94 Cong. Rec. 8864-8865 (June 18, 1948). President Truman signed the bill, Public Law 80-7720, into law on June 25, 1948. 94 Cong. Rec. D557 (daily ed. Dec. 31, 1948). Batista argues that because the Senate did not pass H.R. 3190 before first session of the 80th Congress adjourned, the bill effectively "died" in the House of Representatives. Accordingly, Batista contends that H.R. 3190 was passed only by the Senate, in violation of the constitutional requirement of bicameralism.

For the reasons which follow, Batista's 60(b)(4) motion is the functional equivalent of a successive 28 U.S.C. § 2255 petition and should be denied.

## II. The Instant Motion Should be Considered a Successive 28 U.S.C. § 2255 Petition

Bastista attempts to circumvent the gate-keeping requirements of § 2255 by labeling his motion as one made pursuant to Fed. R. Civ. P. 60(b).

Rule 60(b) allows a party to seek relief from a final civil judgment and authorizes the reopening of a case, but only under limited circumstances. The rule provides in pertinent part:

> [T]he court may relieve a party…from a final judgment…for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud…, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; …or (6) any other reason justifying relief from the operation of the judgment.

The First Circuit addressed the use of Rule 60(b) motions by federal prisoners as a means of reopening dismissals of § 2255 petitions in Munoz v. United States, 331 F.3d 151, 152-153 (1st Cir. 2003). In that case, the court ruled that a 60(b) motion "should be treated as a second or successive habeas petition if – and only if – the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." Id. at 152-153, quoting Rodwell v. Pepe, 324 F.3d 66, 67 (1st cir. 2003)(holding the same as to habeas petition brought under 28 U.S.C. § 2254). Therefore, if a Rule 60(b) motion is deemed a "second and successive" petition, a court must dismiss the motion for lack of subject matter jurisdiction or transfer the matter to the Court of Appeals for authorization pursuant to 28 U.S.C. §§ 2244(b)(3) and 2255. See, Munoz, 331 F.3d at 153; United States v. Barrett, 178 F.3d 34, 41 and n. 1 (1st Cir. 1999).

While rule 60(b) does not apply to criminal judgments, it may apply to civil judgments entered in post-conviction §§ 2255 or 2254 proceedings. See, Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)(holding that "when a rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion should be considered as a rule 60(b) motion and not a successive habeas petition). Rule 60(b) cannot, however, be used to vacate an underlying criminal conviction. See e.g., Boyd v. United States, 2005 WL 2177172 (D.R.I September 8, 2005)(holding that a rule 60(b) motion used to vacate the underlying criminal action is procedurally improper and must be dismissed); United States v. O'Keefe 169 F.3d 281, 289 (5th Cir. 1999)(rule 60(b) does not provide for relief from a judgment in a criminal case); United

States v. Mosavi, 138 F.3d 1365 (11th Cir. 1998)(holding that motions under F.R.Civ.P. 60(b) may not be used to attack criminal convictions).[1]

Batista's claim that the District Court never had jurisdiction under 18 U.S.C. § 3231 (1948) to prosecute, convict or sentence him. This alleged error relates to the constitutionality of his underlying conviction, not to the manner in which his prior § 2255 motion was adjudicated. In fact, Batista did not raise this argument in his first § 2255 petition.[2] Thus, to the extent that Batista seeks to set aside the underlying criminal action, his 60(b) motion is procedurally improper.

Batista had direct and collateral avenues for attacking the District Court's subject matter jurisdiction to enter his conviction and sentence - raising the issue before the District Court, before the Court of Appeals, or in his initial § 2255 petition. He took none of these paths.

Accordingly, Batista's motion to set aside the judgment under rule 60(b) should be construed as a second or successive § 2255 habeas petition.

## III. The Successive 28 U.S.C. § 2255 Should be Dismissed

Assuming that this Court construes this motion as a § 2255 petition, it should dismiss the petition on grounds that Batista has failed to obtain the necessary authorization for his successive habeas petition from the Court of Appeals. Section 2255 states, in part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

[1] See Also, United States v. Ramirez, 2007 WL 4303 (10th Cir. January 2, 2007)(unpublished); United States v. Simpson, 238 F.3d 417 (4th Cir. 2000)(unpublished); United States v. Hart/Cross, 230 F.3d 1360 (6th Cir. 2000)(unpublished); United States v. Cabero, 2005 WL 1484669 at *1 (E.D.Tenn. June 21, 2005).

[2] Batista makes no claim that action by the government prevented him from raising his current claim in his first § 2255 petition.

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Local Rule 22.2 of the First Circuit Court of Appeals mandates that a second or successive § 2255 petition filed in the District Court without authorization of the Court of Appeals be transferred to the Court of Appeals or be dismissed by the District Court. See, Barrett, 178 F.3d at 41. The decision whether to transfer or dismiss appears to be discretionary. Id. at 41. n.1.

Since Batista has not met the requirements for successive habeas petitions under § 2255 and his claim is totally devoid of merit, this Court, in the exercise of its discretion, should dismiss the petition.

## IV. The Merits of Batista's Claim

Even if the Court were to consider Batista's claim, his argument that 18 U.S.C. § 3231 was not lawfully enacted is without support.

Batista argues that when one house of Congress passes a bill during its first session and then adjourns, that the bill is effectively dead and is treated as if it had never existed. Batista cites the general proposition that "a legislature's failure to act on a pending bill or other matters needing legislative approval, before the legislature adjourns sine die, effectively kills that bill or matter." See, Petitioner's Motion to Set Aside Void Judgment, p. 16, citing Watkins v. Board of Trustees of Alabama State University, 703 So.2d 335 (Ala. 1997). Adjournment sine die is defined as "[the ending] of a deliberative assembly's or court's session without setting a time to reconvene." Black's Law Dictionary 44 (8th ed. 2004).

Batista points to no authority requiring that bills passed by only one house of Congress before an intersession adjournment of the same Congress be deemed void. In support of his claim, Batista relies heavily on a number of pocket veto cases. See, The Pocket Veto Case, 279

U.S. 655, 681 (1929); Kennedy v. Sampson, 511 F.2d 430 (D.C. Cir 1974). The issue in those cases was whether a bill approved by both houses of Congress can be returned unsigned by the president during intersession and intrasession adjournments, not whether a bill passed by only one house during the first congressional session is "killed" by a recess.

There is no dispute that President Truman signed Public Law 80-722 into law. The President did not exercise a pocket veto, and therefore, the holdings cited by Batista are not supportive of his claim. [3]

Furthermore, other District Courts have considered and rejected the precise argument that Batista now advances. See, United States v. Risquet, 426 F.Supp.2d 310 (E.D.Pa. 2006)(holding that §3231 was "properly enacted and [is] binding").[4]

---

[3] Batista also challenges § 3231 on the basis that the bill was not signed by the Speaker of the House and President of the Senate until after the 80th Congress had adjourned sine die following the completion of the second session. At the time President Truman received and signed the bill, Congress was not in open session. Accordingly, Batista argues, the bill was not properly presented to the President for signing and is void. This argument can be quickly swept away. In United States v. Kapsalis, 214 F.2d 677 (7th Cir. 1954), the Seventh Circuit Court of Appeals held that: 1) Congress can authorize the presiding officers of both chambers to examine and sign enrolled bills after adjournment sine die, and 2) a bill presented to the President after Congress has adjourned sine die fulfills constitutional requirements under Article I, Sec. 7. See also, Mester Mfg. Co. v. I.N.S., 879 F.2d 561 (9th Cir. 1989); United States v. Pruitt, 121 F.Supp.15 (S.D.Tex. 1954), affirmed on appeal by United States v. Pruitt, 277 F.2d. 648 (5th Cir. 1954); United States v. Taylor, 116 F.Supp 439 (D.C. Minn. 1953).

[4] See also, Cullum v. Fox, 2006 WL 3691170 (E.D.Tex. December 11, 2006)(unpublished); Mims v. United States, 2006 WL 2559534 (E.D.Tex. Sept. 1, 2006)(unpublished); Derleth v. United States, 2006 WL 1804618 (S.D. Tex. June 27, 2006) (unpublished); United States v. Martinez, 2006 WL 1293261 (S.D. Tex. May 6, 2006) (unpublished); Jones v. Unknown Warden, 2006 WL 389833 (E.D.Mo, February 17, 2006) (unpublished); United States v. Lawrence, 2006 WL 250702 (N.D.Ill. January 27, 2006) (unpublished).

In United States v. Martinez, the petitioner also claimed that § 3231 was never validly enacted. 2006 WL 1293261 (S.D. Tex. May 6, 2006). Like Batista, Martinez pointed to a footnote in Kennedy – which discusses the July 27, 1947 adjournment of the first session of the 80th Congress – as authority for his position. 511 F.2d 430, Appx. at. n. 4. Specifically, the footnote refers to the July 27, 1947 adjournment as "in effect" a "sine die adjournment." Id. The court in Martinez noted that this language "len[t] some credence" to the petitioner's argument. 2006 WL 1293261 at *5. The court ultimately ruled, however, that the footnote, read in context, was meant to convey that the July 1947 adjournment was an intersession recess and not an intrasession recess. Id. Accordingly, although the term "sine die" was used, it was intended to convey that the "entire session of Congress was ending, rather than merely having a break in the session." Id. Moreover, the court noted that the first session of the 80th Congress adjourned specifically until January 2, 1948, which is a date certain. Id. Thus, the adjournment was not sine die. Id. ("when the first session adjourned, it did so to a date certain, not sine die"); see also Kennedy, 511 F.2d 430, Appx. at n. 4 (Congress adjourned in July 1947 until January 2, 1948).

Derleth v. United States also rejected the argument that § 3231 was not lawfully enacted. 2006 WL 1804618 (S.D. Tex. June 27, 2006). The court held that there was no constitutional authority requiring that bills passed by one chamber of Congress before an intersession adjournment of the same Congress be voided. Id. at *4. Furthermore, the court noted that the rules of the 80th and current Congresses "suggest that legislative business

Batista has offered nothing relevant in support of his position, and accordingly, his claim should be denied.

## V. <u>Conclusion</u>

For all of the reasons set forth above, this motion should be denied and dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

Dorian C. Morello
Law Intern

generally continues between sessions of the same Congress as if no adjournment took place." Id.; see also, Senate Rule XXXII, S. Doc. No. 80-11, at 44 (1947) and Rules of the House of Representatives Rule XXVI, H.R. Doc. 79-769, at 433 (1947)(referring to unfinished business before committees, but discussing other business in notes accompanying the rule).

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March, 2007, I served a copy of the within Government's Memorandum In Support Of Its Objection To Petitioner's Pro Se Motion Pursuant To Rule 60(b)(4) Of The Federal Rules Of Civil Procedure by postage prepaid mail to:

Rafael Aries Santos Batista
Pro Se
Reg. No. 04536-070
U.S.P. Big Sandy
P.O Box 2068
Inez, KY 41224

/s/Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
RI Bar # 1680
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov